**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-07-2226-PHX-LOA |
| Plaintiff, | **ORDER** |
| vs. | |
| Ten (10) Firearms, Eleven (11) Rounds of Ammunition; and $32,760.00 in U.S. Currency. | |
| Defendants. | |

This matter arises upon Plaintiff United States of America's Motion for Default Judgment, filed on March 24, 2008. (docket # 15) Neither putative Claimants nor their counsel have filed a Response thereto.

The procedure in civil *in rem* forfeiture actions arising from a federal statute is governed by the Federal Rules of Civil Procedure to the extent consistent with the Supplemental Rules for Certain Admiralty and Maritime Claims and otherwise by the Supplemental Rules themselves. Supp. Rule G(1); *United States v. One Glock 19*, 2007 WL 2438361 (N.D. Cal. 2007); *United States v. 3 Parcels in La Plata County, Colo.*, 919 F.Supp. 1449, 1452 (D. Nev. 1995) (*in rem* forfeiture action pursuant to 21 U.S.C. § 881); *United States v. $38,570*, 950 F.2d 1108 (5th Cir. 1992)

In a civil case, Federal Rule of Civil Procedure 12(a) allows a defendant, or claimant in a civil forfeiture action, twenty days (20) from the date of service of process to

answer or otherwise serve a responsive pleading. Rule 12(a)(1), FED.R.CIV.P.; Supp. Rule G(5)(b).[1] If a defendant or claimant fails to respond within that deadline, a default judgment may be entered. Rule 55(a), FED.R.CIV.P.; *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986), *cert. denied*, 484 U.S. 870 (1987); 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure*, § 2682, 3d Ed. (Supp. 2008).

The Government's Motion for Default Judgment represents that "[o]n November 19, 2007, the government served, via certified mail 7003 1680 0007 2416 8034, direct Notice of Forfeiture Action and Verified Complaint for Forfeiture upon Alejandro E. Muñoz, Esq., 55 West Franklin Street, Tucson, Arizona 85701. (docket # 15 at 2) It also indicates that "[o]n November 20, 2007, the government served, via certified mail 7003 1680 0007 2416 8027, direct Notice of Forfeiture and Verified Complaint for Forfeiture upon Pedro Ivan ALVILLAR-TORRES, at his residence, 11000 West Frier Drive, Glendale, Arizona 85307." (*Id*. at 3) Pursuant to Supp. Rule 4(b)(iii)(B),[2] the Government claims that "[o]n December 7, 2007, the government served, via certified mail 7003 1680 0007 2416 7990, direct Notice of Forfeiture Action and Verified Complaint for Forfeiture upon Alejandro E. Muñoz, Esq., The Muñoz Law Firm, P.C., 55 West Franklin Street, Tucson, Arizona 85701," counsel for both putative Claimants.[3] (*Id*.) The Government alleges that

---

[1] Supp. Rule G(5)(b) provides:
  **Answer**. A claimant must serve and file an answer to the complaint or a motion under Rule 12 within 20 days after filing the claim. A claimant waives an objection to in rem jurisdiction or to venue if the objection is not made by motion or stated in the answer.
Supp. Rule G(5)(b)

[2] This Supp. Rule provides that "[n]otice may be sent to the potential claimant or to the attorney representing the potential claimant with respect to the seizure of property or in a related investigation, administrative forfeiture proceeding, or criminal case." Supp. Rule 4(b)(iii)(B).

[3] The Court takes judicial notice that on December 7, 2007, Attorney Muñoz represented, and still does, putative Claimant Pedro Ivan Alvillar-Torres in CR-07-402-PHX-SMM, now a fugitive from justice. Mr. Munoz has also filed documents in this and a related forfeiture proceeding, representing that he represents both putative Claimants. (docket # 9

"[t]he Notice of Service [was] complete on December 10, 2007, as to Pedro Ivan ALVILLAR-TORRES and Sandra Elizabeth CONTRERAS, [and] was filed with District Court on December 12, 2007." (*Id.*)

The Government further contends that, *inter alia*, (1) pursuant to Supp. Rule G(4)(a)(i), "[t]he United States Marshal for the District of Arizona gave public notice of this action and arrest [of the subject property] to all persons by advertisement in the Arizona Business Gazette, pursuant to Arizona District Court General Order # 98-15 on December 20, 2007, December 27, 2007 and January 3, 2008," and "[t]he content of this Notice of Forfeiture complied with the requirements of Rule G(4)(b)(ii) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims. (*Id.* at 4)

Pursuant to under Rule G(4)(b)(ii)(B) & (C)[4] and Rule 4(e) and (n), FED.R.CIV.P., putative Claimants had, **at the latest**, until and including Wednesday, January 16, 2008,[5] to formally answer or otherwise plead without risking entry of default. No answer or other pleading has been filed by or on the putative Claimants' behalf pursuant to Rule 12, FED.R.CIV.P., to today's date. Thus, this Court has jurisdiction over the Defendant property and the putative Claimants to conduct a default judgment hearing pursuant to Rule 55(b)(2), Rule 12(a)(1), FED.R.CIV.P. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (A federal court does not have personal jurisdiction over a defendant unless the defendant has been properly served under Fed. R. Civ. P. 4).

---

at 3)

[4] When direct notice of the action has been provided to a potential claimant, then, pursuant to Supp. Rule G(4)(b)(ii)(B) & (C) a claim must be filed within 35 days after the notice is sent, and an answer or a motion under Rule 12 must be filed no later than 20 days after filing the claim. Rule G(4) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

[5] Counting 35 days from December 12, 2007, the date the Notice of Service was filed, is January 16, 2008.

Following entry of default, Rule 55(b)(2), FED.R.CIV.P., permits a district court to enter final judgment in a case. Entry of default judgment, however, is not a matter of right. *Doe I v. Qi*, 349 F.Supp.2d 1258, 1285-87 (N.D. Cal. 2004) Entry of a default judgment is entirely within the district court's discretion and may be refused where the district court determines no justifiable claim has been alleged or that a default judgment is inappropriate for other reasons. *Id.* (citing *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) and *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980)).

In ruling on a motion to enter default judgment, the Ninth Circuit has enumerated seven factors for a district court to consider in determining whether to grant a default judgment: (1) the merits of the plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) the sum of money at stake in the action; (4) the possibility of prejudice to the plaintiff; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits. *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986); *Truong Giany Corp. v. Twinstar Tea Corp.*, 2007 WL 1545173 (N.D. Cal. 2007). In considering these factors, the district court may deem all factual allegations in the complaint as true except for those relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

Since a default judgment hearing pursuant to Fed. Rule Civ. P. 55(b) is an evidentiary hearing, Plaintiff's counsel shall call a witness(es) to prove Plaintiff's claims for the relief sought in its Complaint and shall introduce in evidence appropriate and relevant exhibits except, if appropriate, reasonable attorney's fees and non-taxable expenses shall be proven by appropriate affidavit. Out-of-district witnesses may appear telephonically pursuant to Fed. Rule Civ. P. 43(a) as good cause exists to reduce the costs of this litigation

1 consistent with Rule 1, FED.R.CIV.P.[6] by promptly calling (602) 322-7620 at the designated
2 time.

3 Neither the putative Claimants nor their counsel have shown cause in writing
4 why a default[7] and/or a default judgment should not be entered against them and the subject
5 property. Moreover, the putative Claimants were clearly sent notice by means reasonably
6 calculated to reach them. *United States v. Real Property . . . Lido Motel*, 135 F.3d 1312,
7 1315-16 (9th Cir. 1998) (service on an incarcerated party by certified mail at the institution
8 of incarceration held sufficient); *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 38 (1st
9 Cir. 2001) (actual knowledge of the forfeiture proceedings might excuse what would
10 otherwise constitute a due process violation); *Nunley v. Department of Justice*, 425 F.3d
11 1132, 1139 (8th Cir. 2005) (one who had timely actual knowledge of an administrative
12 forfeiture could not complain about the constitutionality of the method used to provide
13 notice); *Boddie v. Schnieder*, 105 F.3d 857 (2d Cir.1997) (determining that Government
14 gave sufficient notice of administrative forfeiture proceeding when it delivered notice by
15 certified mail to incarcerated claimant's attorney in related criminal proceeding); *Mullane
16 v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 319-20 (1950) (noting that the mails
17 are recognized as an efficient and inexpensive means of communication that are generally
18 reasonably calculated to reach addressees). Furthermore, because putative Claimants failed

---

[6] Rule 1, FED.R.CIV.P., provides that "These rules [of procedure]. . . shall be construed and administered to secure the just, speedy, and *inexpensive* determination of every action." (emphasis added).

[7] The Clerk erroneously entered putative Claimants' default on March 21, 2008 prior to the Court's formal order to do so and before the April 7, 2008 OSC deadline. (docket # 9 at 6) Since neither the putative Claimants nor their counsel have shown cause in writing on or before Monday, April 7, 2008 why a default and default judgment should not be entered against Claimants and the subject property pursuant to Rule 55, FED.R.CIV.P., the Court will not set aside the Clerk's entry of default.

- 5 -

1  to file a claim or response, they lack the standing or authority to challenge the forfeiture.
2  *United States v. Real Property . . . Lido Motel*, 135 F.3d at 1316-17; Supp. R. G(4)(b) (v).[8]
3  Good cause appearing,
4  **IT IS ORDERED** setting a default judgment hearing before the undersigned
5  **on Wednesday, May 7, 2008 at 10:00 a.m.** in Courtroom 302 at the Sandra Day O'Connor
6  U.S. Courthouse, Phoenix, Arizona.
7  **IT IS FURTHER ORDERED** that Plaintiff's counsel shall lodge in the
8  undersigned's chamber's emailbox by **5:00 p.m. on Monday, May 5, 2008** the following:
9      1. Proposed Findings of Fact and Conclusions of Law,
10     2. A proposed Default Judgment for the undersigned's signature with the identity of the specific property, and,
11
12     3. if appropriate in an *in rem* civil forfeiture action, an appropriate affidavit to support an award for reasonable attorney's fees and related non-taxable expenses in compliance with LRCiv 54.2(d).
13
14 DATED this 10th day of April, 2008.

_____
Lawrence O. Anderson
United States Magistrate Judge

---

[8] Supp. R. G(4)(b) (v) provides:
**Actual Notice**. A potential claimant who had actual notice of a forfeiture action may not oppose or seek relief from forfeiture because the government's failure to send the required notice.
Supp. R. G(4)(b) (v)

- 6 -