**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CV-07-2226-PHX-LOA |
| Plaintiff, ) | |
| ) | **FINDINGS OF FACT,** |
| vs. ) | **CONCLUSIONS OF LAW** |
| ) | **AND ORDER** |
| Ten (10) Firearms, Eleven (11) Rounds of ) | |
| Ammunition; and $32,760.00 in U.S. ) | |
| Currency. ) | |
| Defendants. ) | |

On May 7, 2008, a default evidentiary hearing was held on Plaintiff's Motion for Default Judgment. (docket # 15) Plaintiff was represented by Emory T. Hurley, Assistant United States Attorney. Special Agent Paul T. Bungay, Bureau of Immigration and Customs Enforcement, and Special Agent Hope MacAllister, Bureau of Alcohol, Tobacco and Firearms, were sworn and testified. The matter was taken under advisement pending submission of post-hearing memorandum on the issue of the timeliness of the subject Complaint. Court proceedings were electronically recorded.

After considering all the pleadings submitted to date, the relevant case law, the sworn testimony and exhibits received in evidence, the Court hereby enters the following Findings of Fact and Conclusions of Law.

///

**FINDINGS OF FACT**

1. This civil *in rem* action was commenced on November 16, 2007 with the filing of the Complaint to enforce the provisions of, *inter alia*, 18 U.S.C. § 924(d)(1) for alleged violations of 18 U.S.C. § 922(g)(5)(A) and to forfeit and condemn certain property to the United States of America.  (docket # 1)

2. On March 16, 2007, Special Agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives, executed federal search warrants at the residence of Pedro Ivan Alvillar-Torres located at 11000 W. Frier Drive, Glendale, AZ 85307.  Upon entering the residence, the agents detained Pedro Ivan Alvillar-Torres and a Hispanic female, who was later identified as the common-law wife of Alvillar-Torres, Rosa Esmeralda Medina-Garcia. (*Id.* at ¶ 10)

3. During the execution of the search warrants, the agents recovered ten (10) firearms (listed above in ¶ 4 below), eleven (11) rounds of ammunition, and $32,760.00 in U.S. Currency.  (*Id.* at ¶ 11)

4. The Defendant property seized by Special Agents of the ATF on March 16, 2007, pursuant to a Federal Search Warrant are more specifically described as follows:

   a. Rifle, Cal 7.62 Century Arms, M70B1 M70B00929
   b. Rifle, Cal .233 Colt, AR-15 LGC035666
   c. Rifle, Cal .22 Ruger, 10/22 235-59653
   d. Rifle, Cal 5.56 Kel-Tec, SU-16 N4051
   e. Rifle, Cal 7.62 Century Arms, M70AB2 M70AB03139
   f. Pistol Handgun, Cal .223 Bushmaster, Carbon 15 D10556 with box
   g. Revolver, Cal .22 Derringer L073694
   h. Pistol Handgun, Cal .9 SWD M-11 87-0007173
   I. Pistol Handgun, Cal .380 Cobra CA-380 CPO27585 with box
   j. Pistol Handgun, Cal .45 Taurus PT145 NXA43212 with 11 rounds of ammunition
   k. $32,760.00 in U.S. Currency

1 (*Id.* at ¶ 9)

2        5. Plaintiff has voluntarily consented in writing to magistrate-judge jurisdiction
3 pursuant to 28 U.S.C. § 636(c)(1).  (docket # 3)

4        6. The above-captioned Defendant property is subject to forfeiture, pursuant
5 to 18 U.S.C. § 924(d), because the Defendant property represents personal property within
6 the jurisdiction of the United States, and constitutes firearms, ammunition and currency
7 involved in violation of:

8        a. Title 18 U.S.C. § 922(g)(5)(A), making it unlawful for any person
9 who is illegally or unlawfully in the United States to ship, transport, receive, or possess
10 firearms or ammunition that have traveled in or affected interstate commerce;

11        b. Title 18 U.S.C. § 922(a)(1)(A), making it unlawful for any person to
12 engage in the business of importing, manufacturing, or dealing in firearms without a license;

13        c. Title 18 U.S.C. § § 924(d)(2)(C) and 924(d)(3)(C), which provides
14 for forfeiture in any offense described in section 922(a)(1), where a firearm intended to be
15 used in such offense is involved in a pattern of activities which includes a violation of section
16 922(a)(1)(A), manufacturing and dealing without a Federal Firearms License.

17        d. Title 18 U.S.C. § 924(n), making it unlawful for any person to travel
18 from any state or foreign country into any other state to acquire or attempt to acquire a
19 firearm to sell without a Federal Firearms License.

20        7. The above-captioned Defendant currency is subject to forfeiture, pursuant
21 to 18 U.S.C. § 981(a)(1)(A) and (C), because such currency is comprised of funds involved
22 in a transaction(s) or attempted transaction(s) in violation of 18 U.S.C. §§ 1956 and 1957,
23 or property traceable to such property.

24        8. On April 10, 2007, the United States obtained an indictment in United States
25 v. Pedro Ivan Alvillar-Torres, CR07-402-PHX-SMM, containing an allegation that the
26 Defendant property was subject to forfeiture pursuant to Title 18, U.S.C. § 924(d).

27        9.  By June 20, 2007, ATF had begun administrative forfeiture of the
28 Defendant property.  Pedro Ivan Alvillar-Torres and his wife, Sandra Elizabeth Contreras

1  ("Claimants"), by and through their attorney, Alejandro E. Muñoz, had filed a claim to the property held by ATF in the non-judicial civil forfeiture proceeding. Thereafter, the matter was referred to the U.S. Attorney's Office for initiation of judicial forfeiture proceedings.

10. On September 14, 2007, the Government, and potential or putative Claimants, through their counsel Alejandro E. Muñoz, filed a Motion/Stipulation to Extend Time to File Complaint for Forfeiture and/or to Obtain Indictment Alleging Forfeiture in the matter of In Re: Non-Judicial Civil Forfeiture Proceeding Involving Bureau of Alcohol, Tobacco, Firearms, and Explosives Seizures of: Ten (10) Firearms, Eleven (11) Rounds of Ammunition, and $32,760.00 in United States Currency, Case Number MC-07-0084-PHX-EHC, which requested the district court to extend the 18 U.S.C. § 983 time limit in which the United States is required to file a complaint for forfeiture or obtain an indictment from its original date of September 18, 2007 to November 16, 2007.

11. On October 9, 2007, the Honorable Earl H. Carroll, Senior United States District Judge, "ORDERED under 18 U.S.C. § 983(A)-(C), that the date by which the United States is required to file a complaint for forfeiture against the property and/or to obtain an indictment alleging that the property is subject to forfeiture is extended to November 16, 2007." (docket # 3 at 2 in MC-07-0084-PHX-EHC)

12. On November 16, 2007, the United States filed its Verified Complaint for Forfeiture In Rem in the subject case. (docket # 1)

13. Counsel for Plaintiff has served, and/or attempted service of its Notice of and Verified Complaint for Forfeiture, on all persons who are believed to have an interest in the Defendant property sought to be defaulted, including potential or putative Claimants Pedro Ivan Alvillar-Torres and Sandra Elizabeth Contreras, husband and wife.

14. On and after September 8, 2008, Pedro Ivan Alvillar-Torres was, and is, an illegal alien unlawfully residing in the United States.

15. Neither Pedro Ivan Alvillar-Torres nor Rosa Esmeralda Medina-Garcia have ever been properly licensed as a Federal Firearms Dealer.

- 4 -

16. At all times relevant to this case, Rosa Esmeralda Medina-Garcia was, and is, an illegal alien unlawfully residing in the United States.

17. On November 20, 2007, the Government served, via certified mail, direct Notice of Forfeiture and Verified Complaint for Forfeiture upon Pedro Ivan Alvillar-Torres, at his residence, 11000 West Frier Drive, Glendale, Arizona 85307.

18. The notice to Pedro Ivan Alvillar-Torres was received on November 21, 2007, as reflected in the Notice of Service completed on November 21, 2007, filed with District Court on November 28, 2007. (docket # 4)

19. The content of the Notice of Forfeiture complied with the requirements of Rule G(4)(b)(ii) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims ("Supplemental Rules").

20. On December 7, 2007, the Government served, via certified mail, direct Notice of Forfeiture Action and Verified Complaint for Forfeiture upon Alejandro E. Muñoz, Esq., The Muñoz Law Firm, P.C., 55 West Franklin Street, Tucson, Arizona 85701.

21. The direct notice sent to Alejandro E. Muñoz was received on December 10, 2007, as reflected in the Notice of Service complete on December 10, 2007, filed with District Court on December 12, 2007. (docket # 6)

22. The content of this Notice of Forfeiture complied with the requirements of Rule G(4)(b)(ii) of the Supplemental Rules.

23. On June 20, 2007, Alejandro E. Muñoz represented potential or putative Claimants Pedro Ivan Alvillar-Torres and Sandra Elizabeth Contreras in a related administrative forfeiture proceeding involving the subject Defendant property when attorney Muñoz filed a Claim and Request for Judicial Forfeiture on behalf of such potential or putative Claimants.

24. In the matter of In Re: Non-Judicial Civil Forfeiture Proceeding involving Bureau of Alcohol, Tobacco, Firearms and Explosives seizures of: Ten (10) Firearms, Eleven (11) Rounds of Ammunition and $32,760.00 in United States Currency, MC-07-0084-PHX-EHC, Alejandro E. Muñoz represented potential or putative Claimants Pedro Ivan Alvillar-

1  Torres and Sandra Elizabeth Contreras, in a non-judicial civil forfeiture proceeding involving
2  the subject Defendant property.

3      25. Alejandro E. Muñoz, attorney at law, clearly represented such potential or
4  putative Claimants in the related administrative forfeiture proceeding when attorney Muñoz
5  submitted potential or putative Claimants' Claim and Request for Judicial Forfeiture.

6      26. Alejandro E. Muñoz, attorney at law, clearly represented potential or
7  putative Claimants when attorney Muñoz executed the motion/stipulation to extend time in
8  Case No. MC-07-0084-PHX-EHC, as "Attorney for Claimants." (Case No. MC-07-0084-
9  PHX-EHC; docket # 1).

10     27. As counsel for potential or putative Claimants in a related administrative
11 forfeiture proceeding, the Notice of Forfeiture Action and Verified Complaint in the instant
12 case were properly served upon attorney Muñoz, pursuant to Supplemental Rule
13 G(4)(b)(iii)(B).

14     28. Supplemental Rule G(5)(a) provides: "(i) A person who asserts an interest
15 in the defendant property may contest the forfeiture by filing a claim in the court where the
16 action is pending. The claim must: (A) identify the specific property claimed; (B) identify
17 the claimant and state the claimant's interest in the property; (C) be signed by the claimant
18 under penalty of perjury; and (D) be served on the government attorney designated under
19 Rule G(4)(1)(ii)(C) or (b)(ii)(D)." Supplemental Rule G(5)(a).

20     29. When direct notice of the action has been provided to a potential claimant,
21 then, pursuant to Supplemental Rule G(4)(b)(ii)(B) & (C), "a deadline for filing a claim [is
22 imposed], at least **35 days** after the notice is sent," and an "answer or a motion under Rule
23 12[, FED.R.CIV.P.,] must be filed no later than **20 days** after filing the claim." Supplemental
24 Rule G(4)(b)(ii)(B) & (C) (emphasis added).

25     30. Direct notice was duly sent to potential or putative Claimants Pedro Ivan
26 Alvillar-Torres and Sandra Elizabeth Contreras through their counsel, Alejandro E. Muñoz,
27 as indicated by the receipt of certified mail, dated December 10, 2007. (docket 6)
28

31. The United States Marshal for the District of Arizona gave public notice of this action and arrest of Defendant property to all persons by advertisement in the Arizona Business Gazette on December 20, 2007, December 27, 2007 and January 3, 2008, as reflected in the Affidavit of Publication, filed on March 17, 2008. (docket # 11)

32. On March 24, 2008, Plaintiff filed its Motion for Default Judgment and electronically mailed a copy to Alejandro E. Muñoz, Esq., The Muñoz Law Firm, P.C., 55 West Franklin Street, Tucson, Arizona 85701, ensuring maximum possible notice to potential or putative Claimants, Pedro Ivan Alvillar-Torres and Sandra Elizabeth Contreras. (docket # 15 at 9)

33. On April 21, 2008, Alejandro E. Muñoz, Esq. filed a second Motion to Withdraw as counsel for Pedro Ivan Alvillar-Torres and Sandra Elizabeth Contreras that properly complied with LRCiv 83.3(b)(2), indicating he "has not had any contact whatsoever with Claimants since Friday, September 21, 2007." (docket # 21)

34. Alejandro E. Muñoz' Motion to Withdraw was granted on April 21, 2008.

35. This Court takes judicial notice that Attorney Muñoz represents Pedro Ivan Alvillar-Torres, currently a fugitive from justice who absconded after posting a $60,000.00 secured bond, in CR-07-402-PHX-SMM.

36. Neither potential or putative Claimants Pedro Ivan Alvillar-Torres and Sandra Elizabeth Contreras, nor their counsel, have filed an answer, Rule 12 responsive pleading or claim in this matter as required by Supplemental Rule G(4)(b)(ii)(B) & (C) and Supplemental Rule G(5)(a).

37. Nothing has been received from Pedro Ivan Alvillar-Torres and Sandra Elizabeth Contreras, either *pro se* or by counsel, and the time for filing a verified claim or answer has substantially passed. No other persons have entered an appearance or filed a claim in this action.

## **CONCLUSIONS OF LAW**

1. This District Court has subject-matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1355, which vests district courts with original jurisdiction in "any action or

1 proceeding for the . . . enforcement of any . . . forfeiture . . . incurred under any Act of
2 Congress." 28 U.S.C. § 1355; also 28 U.S.C. § 1345.

3     2. This Magistrate Judge has jurisdiction to enter a default judgment against the
4 Defendant property and potential or putative Claimants. *United States v. Real Property*, 135 F.3d
5 1312, 1316 (9th Cir. 1998) (holding that in an *in rem* civil forfeiture action wherein only the
6 plaintiff consented, magistrate judge had jurisdiction to enter a final judgment over defaulted
7 person who was technically not a "party" to the litigation); *United States v. N. Golden
8 State Blvd.*, 135 F.3d 1312, 1317 (9th Cir. 1998); *United States v. 8136 S. Dobson St.*, 125
9 F.3d 1076, 1082 (7th Cir. 1997).

10     3. The administrative forfeiture of the Defendant property having commenced
11 within 120 days of its seizure and the instant forfeiture action was timely filed pursuant to
12 Title 18 U.S.C. § 924(d). This section specifies that "any action or proceeding for the
13 forfeiture of firearms or ammunition shall be commenced within one hundred and twenty days
14 of such seizure." The time limitation contained in 18 U.S.C. § 924(d) requires the United
15 States to begin either administrative forfeiture or judicial forfeiture within 120 days of the
16 seizure of the firearms. *United States v. Miscellaneous Firearms, Explosives, Destructive
17 Devices and Ammunition*, 376 F.3d 709, 713 (7th Cir. 2004) *cert. denied*, 544 U.S. 1019
18 (2005).

19     4. The Defendant property was seized on March 16, 2007. The 120 day period
20 to initiate forfeiture proceedings ended on July 14, 2007. By June 20, 2007, ATF had initiated
21 administrative forfeiture proceedings and potential or putative Claimants, Pedro Ivan
22 Alvillar-Torres, and his alleged wife, Sandra Elizabeth Contreras, filed their claim to the
23 Defendant property held by ATF. Forfeiture proceedings were timely initiated pursuant to
24 18 U.S.C. § 924(d).

25     5. Upon the timely filing of potential or putative Claimants' claim on June 20,
26 2007, the United States had 90 days within which to either file a criminal indictment
27 containing a forfeiture allegation against the Defendant property, pursuant to 18 U.S.C. §
28 983(a)(3)(C), or file a civil forfeiture complaint pursuant to 18 U.S.C. § 983(a)(3)(A). The

- 8 -

1  United States satisfied the requirements of 18 U.S.C. § 983(a)(3)(C) on April 10, 2007, by
2  obtaining an indictment in United States v. Pedro Ivan Alvillar-Torres
3  (CR07-402-PHX-SMM), including a forfeiture allegation against the Defendant property.
4         6. On September 14, 2007, in the matter of In Re: Non-Judicial Civil Forfeiture
5  Proceeding Involving Bureau of Alcohol, Tobacco, Firearms, and Explosives Seizures of: Ten
6  (10) Firearms, Eleven (11) Rounds of Ammunition, and $32,760.00 in United States
7  Currency, Case Number MC-07-0084-PHX-EHC, the parties moved, pursuant to 18 U.S.C.
8  § 983(a)(3)(A), to extend the time in which the government was required to file its forfeiture
9  complaint and/or criminal indictment. (MC-07-0084-PHX-EHC; docket #1). On October 9,
10 2007, the assigned District Judge ordered the time to file the judicial forfeiture complaint
11 extended to November 16, 2007. On November 16, 2007, the United States satisfied the
12 requirements of 18 U.S.C. § 983(a)(3)(A) when it timely filed its Verified Complaint for
13 Forfeiture In Rem.  (docket # 1).
14         7. The publication identified in paragraph 31 herein complied with General
15 Order # 98-15, United States District Court for the District of Arizona, and Rule G(4)(a) of
16 the Supplemental Rules.
17         8. The Government has complied with its statutory notice obligations by
18 executing process against Defendants, sending direct notice by certified mail to all persons
19 known to have a potential interest in the subject Defendant property or their counsel, and by
20 properly publishing notice. Fed.R.Civ.P. 55(b)(2); Supp. Rule G(4)(b)(iii)(B) (permitting
21 service on claimant's criminal attorney where criminal action is related to forfeiture).
22         9. This Court has *in rem* and personal jurisdiction over Defendant property and
23 potential or putative Claimants,  respectively, to properly conduct a default judgment hearing,
24 pursuant to Rule 55(b)(2) and Rule 12(a)(1), FED.R.CIV.P., and to enter default judgment.
25 *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (A federal court does not have
26 personal jurisdiction over a defendant unless the defendant has been properly served under
27 Fed. R. Civ. P. 4).
28

10. Pursuant to Fed.R.Civ.P. 55, after they have been lawfully served with notice and process, the failure of potential or putative Claimants to file a timely claim, answer or otherwise plead pursuant to Rule 12, FED.R.CIV.P. justifies entry of default judgment in this case.

11. After considering all the factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986) whether it should grant Plaintiff's request for entry of default judgment, the Court concludes that such factors weigh strongly in favor of the Government's request to enter default judgment.

12. The Court deems all factual allegations in the Complaint as true except for those relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment, docket # 15, is **GRANTED** as to the Defendant firearms, ammunition and currency pursuant to 21 U.S.C. §§ 924(d), 924(n) and 981. By separate document, default judgment will be entered for and on behalf of Plaintiff United States of America against the above-captioned Defendant firearms, ammunition and $32,760.00 in United States currency, which are hereby **FORFEITED** to the United States of America. Accordingly, all right, title and interest in said property is hereby vested in the United States of America.

**IT IS FURTHER ORDERED** that the United States Marshals Service or other appropriate federal agency shall dispose of the forfeited Defendant property according to law.

DATED this 15th day of May, 2008.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge